PER CURIAM.
The appellant moved this court for the issuance of the mandate and imposition of penalty under rule 4.5, subd. c(6), Florida Appellate Rules, 31 F.S.A.
This court had rendered its opinion and judgment in this cause on September 25, 1958, by which the judgment appealed from was reversed and the cause remanded to the trial court for further proceedings. Within the 15 days allowed by the rule for filing a petition for rehearing, the appel-lee, City of Miami, filed its petition for rehearing and a notice of intention to apply to the Supreme Court of Florida for a writ of certiorari.[1] This court denied the ap-pellee’s petition for rehearing by an order dated October 24, 1958.
Under the applicable rule the 60 day period within which a petition for certiorari could be filed commenced October 25, 1958, and expired on December 24, 1958. During that 60 day period this court withheld its mandate as provided for by the rule quoted in the margin in footnote 1.
It appeared and was conceded by counsel for the city at the hearing that notwithstanding the notice of intention to file petition for certiorari in the Supreme Court, the petition was not filed there.[2]
On consideration of the motion for issuance of the mandate and for imposition of penalty, as provided for in the rule in such circumstances, it is ordered that the *96 mandate shall issue; and the appellee City of Miami is ordered and required to pay to the appellants damages in the sum of $50 by delivering the same to the clerk of the Circuit Court in and for Dade County within 10 days from the date of this order.
It is so ordered.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.

. Rule 4.5e, subd. (6) provides in part as follows: “(6) From District Court to Supreme Court, Where any decision of a district court of appeal (1) affects a class of constitutional or state officers, or (2) passes upon a question certified by such district court to be of great public interest, or (3) is in direct conflict with a decision of another district court of appeal or of the Supreme Court on the same point of law, petition may be filed with the Supreme Court to issue a writ of certiorari to review such decision.
“No such petition for certiorari will be considered or granted unless petitioner shall have filed petition for rehearing with the district court of appeal and prior to the denial of such petition shall have filed in the district court of appeal a notice of intention to petition the Supreme Court for writ of certio-rari, which notice of intention shall operate to stay the mandate of the district court of appeal until expiration of time for filing petition for certiorari or if such petition for certiorari be filed, until such time as the same is disposed of by the Supreme Court. Failure to file a petition for certiorari after the filing of notice of intention hereunder or the filing of a frivolous petition for certiorari shall subject the petitioner to such penalties or damages as shall be fixed by the Supreme Court or district court of appeal.
“The petition for certiorari shall be filed in the Supreme Court within sixty (60) days from the denial of 'petition for rehearing by the district court of appeal and shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for issuance of the writ.
“Only so much of the record as shall be necessary to show jurisdiction in the Supreme Court and establish facts relied upon by the petitioner shall be attached to or filed with the petition.
“Copy of petition with certificate of filing the same in the Supreme Court shall be filed in the district court of appeal.”

. Counsel for appellee stated that at some point during the 60 day period the conclusion was reached not to file the petition for certiorari. However, this court was not notified of such intention or change of intention, with the result that the mandate continued to remain unissued during the entire period.